# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 30, 2006

130634

RODGER G. WALTZ,
　　　　Plaintiff-Appellant,

v

TIMOTHY M. STOREY and MEGAN
STOREY,
　　　　Defendants-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130634
COA: 265145
Monroe CC: 04-018331-NI

　　　　On order of the Court, the application for leave to appeal the January 24, 2006 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

　　　　KELLY, J., dissents and states as follows:

　　　　This is a personal injury case in which the plaintiff has evidence of having developed a bulging disc at L4-5 as a consequence of a head-on automobile accident. He also claims to have developed significant aggravation of preexisting pain, requiring him now to walk with a cane and to walk only short distances. He now requires assistance with household tasks and with some personal care. He is able to engage in less shopping and recreational activity, and he has difficulty sleeping.

　　　　Hence, there are material factual disputes regarding the exact nature and extent of plaintiff's injuries and the effect they have had on his life. I believe that, under *Kreiner v Fischer*, 471 Mich 109 (2004), his allegations, if proven, would show a significant impairment of an important body function that affects his ability to lead a normal life.

　　　　It is true that, before the accident, plaintiff was on social security disability and had taken a disability retirement because of severe scoliosis and degenerative arthritis of the lumbar spine. However, the Court should not interpret *Kreiner* to mean that someone like plaintiff cannot suffer a serious impairment of body function merely because he or she was disabled before the accident.

Given the evidence that plaintiff has produced, he appears to satisfy the *Kreiner* threshold. It is for the finder of fact to determine the extent and effect of plaintiff's additional injuries and how they may have affected his general ability to lead his normal life. The judgment of the Court of Appeals should be reversed and the case should be remanded to the trial court for further proceedings.

CAVANAGH, J., joins the statement of KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2006

Clerk

d0627