# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 30, 2006

130700

LEONOR CASTELLON,
       Plaintiff-Appellant,

v

DELPHI AUTOMOTIVE SYSTEMS
CORPORATION,
       Defendant-Appellee.

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130700
COA: 265650
WCAC: 04-000316

_____/

On order of the Court, the application for leave to appeal the February 2, 2006 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH and WEAVER, JJ., would grant leave to appeal.

KELLY, J., dissents and states as follows:

A magistrate found that plaintiff suffered from work-related carpal tunnel syndrome. But the magistrate also found that plaintiff was off work because of a Bell's Palsy condition that was not work-related. Therefore, he concluded that plaintiff had not proven a compensable disability but would be entitled to benefits if she recovered from Bell's Palsy. Because of this, the magistrate entered a contingent award of continuing benefits.

Later, plaintiff claimed that she had recovered from Bell's Palsy and was entitled to benefits. Defendant refused to pay. A new magistrate denied benefits. The Workers' Compensation Appellate Commission (WCAC) affirmed, and the Court of Appeals denied leave.

I agree with the WCAC that the first magistrate had no authority to enter a contingent future award. Such an award would be based on facts not before the magistrate. He lacked the authority to enter it. Intervening facts could alter plaintiff's

condition. For instance, plaintiff could develop another condition that is not work-related before her Bell's Palsy subsided. In such a situation, plaintiff would not be entitled to benefits because she still would not be out of work due to a work-related condition.

But I think that the WCAC was too harsh on plaintiff's current claim. Plaintiff's physical condition, which is subject to change, may have changed. *Estate of Beckwith v Spooner*, 183 Mich 323, 329 (1914). Plaintiff offered the testimony of two doctors who stated that she is not disabled by Bell's Palsy at this time. That should be sufficient to reopen the proofs. Essentially, the magistrate and the WCAC required that the doctor who found Bell's Palsy now conclude that it is gone. This is too rigid a standard. It was defendant's expert who stated that plaintiff was disabled because of Bell's Palsy at the time of the first hearing. Therefore, the standard set by the WCAC is that plaintiff must get defendant's expert to change his testimony. This is unfair to plaintiff.

Because the first magistrate ruled that plaintiff had Bell's Palsy and plaintiff presents expert evidence that she does not have Bell's Palsy now, she has offered evidence of a change in condition. It requires a new hearing. I would remand the case to the magistrate for a hearing on plaintiff's current disability.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2006

Clerk

t0627